No. 21-50792

# In the United States Court of Appeals for the Fifth Circuit

---

Whole Woman's Health, on behalf of itself, its staff, physicians, nurses, and patients; Alamo City Surgery Center, P.L.L.C., on behalf of itself, its staff, physicians, nurses, and patients, doing business as Alamo Women's Reproductive Services; Brookside Women's Medical Center, P.A., on behalf of itself, its staff, physicians, nurses, and patients, doing business as Brookside Women's Health Center and Austin Women's Health Center; Houston Women's Clinic, on behalf of itself, its staff, physicians, nurses, and patients; Houston Women's Reproductive Services, on behalf of itself, its staff, physicians, nurses, and patients; Planned Parenthood Center for Choice, on behalf of itself, its staff, physicians, nurses, and patients; Planned Parenthood of Greater Texas Surgical Health Services, on behalf of itself, its staff, physicians, nurses, and patients; Planned Parenthood South Texas Surgical Center, on behalf of itself, its staff, physicians, nurses, and patients; Southwestern Women's Surgery Center, on behalf of itself, its staff, physicians, nurses, and patients; Whole Women's Health Alliance, on behalf of itself, its staff, physicians, nurses, and patients; Medical Doctor Allison Gilbert, on behalf of herself and her patients; Medical Doctor Bhavik Kumar, on behalf of himself and his patients; The Afiya Center, on behalf of itself and its staff; Frontera Fund, on behalf of itself and its staff; Fund Texas Choice, on behalf of itself and its staff; Jane's Due Process, on behalf of itself and its staff; Lilith Fund, Incorporated, on behalf of itself and its staff; North Texas Equal Access Fund, on behalf of itself and its staff; Reverend Erika Forbes; Reverend Daniel Kanter; Marva Sadler,

*Plaintiffs-Appellees*,

*v.*

Judge Austin Reeve Jackson; Penny Clarkston; Mark Lee Dickson; Stephen Brint Carlton; Katherine A. Thomas; Cecile Erwin Young; Allison Vordenbaumen Benz; Ken Paxton,

*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Case No. 4:20-cv-00253-RP

---

# DEFENDANTS-APPELLANTS' OPPOSED EMERGENCY MOTION TO STAY PROCEEDINGS PENDING APPEAL AND, ALTERNATIVELY, FOR A TEMPORARY ADMINISTRATIVE STAY PENDING CONSIDERATION OF THIS MOTION

---


Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Judd E. Stone II
Solicitor General

Natalie D. Thompson
Beth Klusmann
Assistant Solicitors General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1700 (phone)
(512) 474-2697 (fax)

*Counsel for Judge Austin Reeve Jackson, Stephen Brint Carlton, Katherine A. Thomas, Cecile Erwin Young, Allison Vordenbaumen Benz, and Ken Paxton*

Heather Gebelin Hacker
Andrew B. Stephens
HACKER STEPHENS LLP
108 Wild Basin Road South
Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Petitioner Penny Clarkston*

Jonathan F. Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)

*Counsel for Petitioner Mark Lee Dickson*

## Certificate Of Interested Persons

Counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Defendants-Appellants | Defendants-Appellants' Counsel |
|---|---|
| • Penny Clarkston, Clerk for the District Court of Smith County, Texas | Andrew B. Stephens<br>Heather Gebelin Hacker<br>Hacker Stephens LLP |
| • Mark Lee Dickson | Jonathan F. Mitchell<br>Mitchell Law PLLC |
| • Hon. Austin Reeve Jackson, Judge of the 114th District Court in Smith County, Texas<br>• Stephen Brint Carlton, Executive Director of the Texas Medical Board<br>• Katherine A. Thomas, Executive Director of the Texas Nursing Board<br>• Cecile Erwin Young, Executive Commissioner of the Texas Health and Human Services Commission<br>• Allison Vordenbaumen Benz, Executive Director of the Texas Board of Pharmacy<br>• Ken Paxton, Attorney General of Texas | Office of the Attorney General<br>(Judd E. Stone, Beth Klusmann, Natalie D. Thompson, Benjamin S. Walton, Christopher D. Hilton, Halie Daniels)<br><br>The McGuire Firm, PC (M. Shane McGuire) |

| Plaintiffs-Appellees | Plaintiffs-Appellees' Counsel |
| --- | --- |
| 1. Whole Woman's Health<br>2. Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services<br>3. Brookside Women's Medical Center D/B/A Brookside Women's Health Center and Austin Women's Health Center<br>4. Houston Women's Clinic<br>5. Houston Women's Reproductive Services<br>6. Planned Parenthood Center for Choice<br>7. Planned Parenthood of Greater Texas Surgical Health Services<br>8. Planned Parenthood South Texas Surgical Center<br>9. Southwestern Women's Surgical Center<br>10. Whole Woman's Health Alliance<br>11. Allison Gilbert, M.D.<br>12. Bhavik Kumar, M.D.<br>13. The Afiya Center<br>14. Frontera Fund<br>15. Fund Texas Choice<br>16. Jane's Due Process<br>17. Lilith Fund<br>18. Texas Equal Access Fund<br>19. Erika Forbes<br>20. Daniel Kanter<br>21. Marva Sadler | 1. Johns & Hebert PLLC (Christen Mason Hebert)<br>2. Center For Reproductive Rights (Marc Hearron, Molly Duane, Kirby Tyrrell, Melanie Fontes, Nicolas Kabat)<br>3. Morrison & Foerster LLP (J. Alexander Lawrence)<br>4. Planned Parenthood Federation of America (Julie Murray, Richard Muniz)<br>5. American Civil Liberties Union Foundation (Julia Kaye, Brigette Amiri, Chelsea Tejada, Lorie Chaiten)<br>6. ACLU Foundation of Texas, Inc. (Adriana Pinon, David Donatti, Andre Segura)<br>7. Lawyering Project (Stephanie Toti, Rupali Sharma) |

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
*Counsel for Defendant-Appellant*
*Penny Clarkston*

## Table of Contents


Certificate of Interested Persons .......... i

Table of Authorities .......... iv

Introduction and Nature of the Emergency .......... 1

Background .......... 2

Argument .......... 5

I. This Court should direct the district court to vacate the preliminary injunction hearing and implement the stay of proceedings .......... 5

A. Defendants' notice of appeal divested the district court of jurisdiction over the Government Defendants. .......... 6

B. Defendants' immunity appeal is far from frivolous, so the district court has no authority to retain jurisdiction. .......... 7

II. The Court should stay proceedings against Defendant Dickson. .......... 9

A. Defendant Dickson—like the Government Defendants—also raised jurisdictional challenges to Plaintiffs' claims. .......... 10

B. The Government Defendants will suffer irreparable harm if the case is allowed to proceed in their absence. .......... 10

Conclusion .......... 14

Certificate of Conference .......... 15

Certificate of Compliance with Rule 27.3 .......... 15

Certificate of Service .......... 16

Certificate of Compliance .......... 16

## Table of Authorities

**Cases**

*BancPass, Inc. v. Highway Toll Admin., LLC*,
863 F.3d 391 (5th Cir. 2017) .................................................... 1, 7
*Bauer v. Texas*,
341 F.3d 352 (5th Cir. 2003)....................................................... 12
*Chancery Clerk of Chickasaw Cty. v. Wallace*,
646 F.2d 151 (5th Cir. 1981) ....................................................... 12
*City of Austin v. Paxton*,
943 F.3d 993 (5th Cir. 2019)............................................... 8, 9, 10
*Ex parte Young*,
209 U.S. 123 (1908) ..................................................................... 8
*Freeman v. U.S.*,
556 F.3d 326 (5th Cir. 2009) ....................................................... 12
*Griggs v. Provident Consumer Discount Co.,*
459 U.S. 56 (1982);.................................................... 5, 6, 7, 10
*Haverkamp v. Linthicum*,
6 F.4th 662 (5th Cir. 2021).......................................................... 8
*Hospitality House, Inc. v. Gilbert*,
298 F.3d 424 (5th Cir. 2002)..................................................... 5, 10
*Mitchell v. Forsyth*,
472 U.S. 511 (1985)..................................................................... 11
*Texas v. United States Envt'l Protection Agency*,
829 F.3d 405 (5th Cir. 2016) ....................................................... 11

*United States v. Dunbar*,

611 F.2d 985 (5th Cir. 1980) ........ 1, 7
*Weingarten Realty Investors v. Miller*,
661 F.3d 904 (5th Cir. 2011) ........ 6, 7, 10
*Williams v. Brooks*,
996 F.2d 728 (5th Cir. 1993) ........ 5, 7

**Statutes**

42 U.S.C. § 1983 ........ 7
Tex. Health & Safety Code § 171.207 ........ 2, 8
Tex. Health & Safety Code § 171.207(a) ........ 2, 8

**Rules**

Fed. R. App. P. 4(a)(1)(A) ........ 4
Fed. R. App. P. 8(a)(1) ........ 1

**Other Authorities**

Texas Code of Judicial Ethics ........ 12

## Introduction and Nature of the Emergency

"[A] notice of appeal [of an order denying immunity] . . . gives the appellate court sole jurisdiction and divests the trial court of jurisdiction to proceed with the case." *BancPass, Inc. v. Highway Toll Admin., LLC*, 863 F.3d 391, 398 (5th Cir. 2017) (*quoting United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980)). Despite its lack of jurisdiction, and despite Defendant-Appellants' requests, the district court has refused to acknowledge the stay of proceedings and vacate the fast-approaching evidentiary hearing on plaintiffs' motion for preliminary injunction.

The district court no longer has jurisdiction over the Government Defendants because their sovereign immunity appeal is now exclusively in this Court. But the preliminary injunction hearing and pre-hearing deadlines remain on the district court's docket, so Defendants-Appellants require immediate relief because they cannot risk being penalized for failing to appear at a hearing set by the district court. So despite its divestment of jurisdiction, Defendant-Appellants first sought a stay of proceedings in the district court. Fed. R. App. P. 8(a)(1).

Given that the preliminary injunction hearing is currently scheduled for 9:00 AM on Monday, August 30, 2021, Defendant-Appellants request a ruling from this Court on this motion **by 5:00 PM on Friday, August 27, 2021.** In the alternative, Defendants-Appellants request a temporary administrative stay of the district-court proceedings to allow this Court sufficient time to consider this emergency motion for stay.

## BACKGROUND

On May 19, 2021, Governor Abbott signed the Texas Heartbeat Act, which prohibits abortion after a fetal heartbeat can be detected. App.052–076. The Texas Heartbeat Act does not impose criminal sanctions or administrative penalties on those who violate the statute, and it specifically prohibits state officials from enforcing the law. *See* Tex. Health & Safety Code § 171.207. Instead, the Heartbeat Act authorizes private civil lawsuits to be brought against those who violate the law, and it provides that these private citizen-enforcement suits are the sole means of enforcing the statutory prohibition on post-heartbeat abortions:

> Notwithstanding Section 171.005 or any other law, the requirements of this subchapter shall be enforced exclusively through the private civil actions described in Section 171.208. *No enforcement of this subchapter*, and no enforcement of Chapters 19 and 22, Penal Code, in response to violations of this subchapter, *may be taken or threatened by this state*, a political subdivision, a district or county attorney, or an executive or administrative officer or employee of this state or a political subdivision against any person, except as provided in Section 171.208.

*See* Tex. Health & Safety Code § 171.207(a) (emphases added); App.056.

The Texas Heartbeat Act takes effect on September 1, 2021. App.075. On July 13, 2021—nearly two months after Governor Abbott signed the bill into a law, and only seven weeks before the Act takes effect—the plaintiff abortion providers filed this lawsuit. App.002-050. The plaintiffs sued Judge Jackson, a state district judge in Smith County, Texas, as a putative defendant class representative of every non-federal judge in the state of Texas. App.036–038.

They also sued Ms. Clarkston, who serves as clerk for the district court of Smith County, as a putative defendant class representative of every Texas court clerk. App.038–040. Their complaint demands relief that would prohibit Judge Jackson—and every non-federal judge in the state of Texas—from considering or deciding any lawsuits that might be filed under the Texas Heartbeat Act. App.047–48. It also demands an injunction that would prohibit Ms. Clarkston (and every Texas court clerk) from accepting or filing any papers submitted in these lawsuits. *Id.* Plaintiffs also sued Attorney General Ken Paxton and several state agency officials, as well as Mark Lee Dickson, a pro-life activist. Later that day, plaintiffs filed a motion for summary judgment, and they moved for class certification on July 16, 2021. On August 4, 2021, the district court ordered defendants to file any motions to dismiss by August 6, 2021 and respond to plaintiffs' summary judgment motion by August 11, 2021.

This Court granted a temporary stay of Defendant Clarkston and Dickson's obligation to respond to the motion for summary judgment to ensure that the Court would "rule on properly filed motions to dismiss based on an absence of jurisdiction before ruling on any merits issues in the case." Order Granting Temp. Admin. Stay, *In re Clarkston*, No. 21-50708 (5th Cir. Aug. 7, 2021). In response, the district court stated it would "address jurisdictional issues before resolving the merits of the case," subsequently removing defendants' obligation to respond to the summary-judgment motion. Regardless, over the last three weeks, defendants have had to file briefs in response to plaintiffs' motion for preliminary injunction (which

incorporated the motion for summary judgment and all supporting declarations), plaintiffs' motion for class certification, and prepare for the scheduled eight-hour preliminary-injunction hearing, at which defendants intend to present witnesses and evidence and cross-examine each of the plaintiffs' nineteen declarants.

On August 25, 2021, the district court denied defendants' motions to dismiss, including the Government Defendants' sovereign immunity defenses. App.376–426. That order is appealable under the collateral-order doctrine,[1] and Defendants timely filed a notice of appeal the same night. App.428–30; Fed. R. App. P. 4(a)(1)(A).

This morning, August 26, 2021, defendants filed a motion to stay proceedings and vacate the preliminary-injunction hearing, notifying the Court that it had been divested of jurisdiction by operation of defendants' notice of appeal. App.433–35. At 1:45pm this afternoon, defendants filed a notice stating that defendants would seek emergency relief from this Court by this evening if the district court had not vacated the preliminary injunction hearing by that time. App.440–41. Plaintiffs filed a response, urging the district court certify the appeal as frivolous. App.445–55. Defendants filed a

[1] *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411–12 (5th Cir. 2004) ("Under the collateral order doctrine, this court has jurisdiction over an interlocutory appeal from a denial of a motion to dismiss asserting Eleventh Amendment immunity.").

reply. App.459–65. The district court had not responded by the time of this filing.

## ARGUMENT

The notice of appeal has automatically divested this Court of jurisdiction over the claims asserted against the Government Defendants, as each of them has asserted a sovereign-immunity defense. *See Williams v. Brooks*, 996 F.2d 728, 730 (5th Cir. 1993) ("[T]he filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant."). The notice of appeal has also divested this Court of jurisdiction over the claims asserted against Defendant Dickson. A notice of appeal divests the district court of jurisdiction over all "aspects of the case involved in the appeal,"[2] and Mr. Dickson is a party to the appeal and will assert his jurisdictional objections on appeal—as the law of the Fifth Circuit expressly allows him to do. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002) ("[W]here, as in the instant case, we have interlocutory appellate jurisdiction to review a district court's denial of Eleventh Amendment immunity, we may first determine whether there is federal

[2] *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *see also id.* ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Weingarten*, 661 F.3d at 908 ("[A]ppeals transfer jurisdiction from the district court to the appellate court concerning 'those aspects of the case involved in the appeal'" (quoting *Griggs*, 459 U.S. at 58)).

subject matter jurisdiction over the underlying case."); *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011).

The district court therefore lacks jurisdiction over the entire case, and without jurisdiction it cannot hold a preliminary-injunction hearing. As such, this Court should direct the district court to vacate the preliminary-injunction hearing and implement the stay of all further proceedings in the district court.

## I. This Court should direct the district court to vacate the preliminary injunction hearing and implement the stay of proceedings.

All proceedings in the district court are automatically stayed, so defendants cannot be required to appear at a preliminary injunction hearing or otherwise litigate this case in the district court. But because the district court has not cancelled or vacated the August 30 preliminary injunction hearing despite the divestment of its jurisdiction, defendants respectfully ask this Court to effectuate the stay of all proceedings against them.

### A. Defendants' notice of appeal divested the district court of jurisdiction.

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. Defendants' notice of appeal has automatically divested the district court of jurisdiction over the claims asserted against the Government Defendants. "[A] notice of appeal [of an order denying immunity] . . . gives the appellate court sole jurisdiction and divests the trial court of jurisdiction to

proceed with the case." *BancPass*, 863 F.3d at 398 (*quoting United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980)); *accord Williams*, 996 F.2d at 729–30 ("[T]he filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant.")

It has also divested the district court of jurisdiction over the claims against Mr. Dickson, as Mr. Dickson will assert his jurisdictional objections as part of the appeal. *See Weingarten*, 661 F.3d at 908 ("[A]ppeals transfer jurisdiction from the district court to the appellate court concerning 'those aspects of the case involved in the appeal' " (quoting *Griggs*, 459 U.S. at 58)).

### B. Defendants' immunity appeal is far from frivolous, so the district court has no authority to retain jurisdiction.

Under the law of this Circuit, the only way the district court can maintain jurisdiction after an interlocutory immunity appeal is if it certifies that the appeal is frivolous. *Dunbar*, 611 F.2d at 988; *Williams*, 996 F.2d at 729–30. That is a high standard, which is met only when a "disposition is so plainly correct that nothing can be said on the other side." *BancPass*, 863 F.3d at 399. That is plainly untrue here. The district court denied the defendants' sovereign immunity defenses, but it did not find them frivolous. Dkt. 82 at 15–20, 33–35.

As a legal matter, those defenses could not possibly be frivolous in light of S.B. 8's express language and the law of this Circuit on sovereign immunity. As state officials, plaintiffs' 42 U.S.C. § 1983 claims against the Government

Defendants may be brought only if *Ex parte Young*'s exception to sovereign immunity applies. *Haverkamp v. Linthicum*, 6 F.4th 662 (5th Cir. 2021).[3] For a plaintiff to properly invoke *Ex parte Young*, the state official sued must have "some connection with the enforcement of the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Id.* (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

On its face, S.B. 8 prohibits government enforcement:

> Notwithstanding Section 171.005 or any other law, the requirements of this subchapter shall be enforced exclusively through the private civil actions described in Section 171.208. No enforcement of this subchapter, and no enforcement of Chapters 19 and 22, Penal Code, in response to violations of this subchapter, may be taken or threatened by this state, a political subdivision, a district or county attorney, or an executive or administrative officer or employee of this state or a political subdivision against any person, except as provided in Section 171.208.

*See* Tex. Health & Safety Code § 171.207(a); App.056. And under the law of this Circuit, "[t]o be amenable to suit under the *Ex parte Young* exception, the state actor must *both* possess "the authority to enforce the challenged law" and have a "'sufficient connection [to] the enforcement' of the challenged act." *City of Austin v. Paxton*, 943 F.3d 993, 1001-02 (5th Cir. 2019).

Notwithstanding the express language of S.B. 8, plaintiffs contended that the Government Defendants "enforce" the law. Plaintiffs are wrong. But

[3] As of the time of filing, no page numbers for *Haverkamp* were available in Westlaw.

without a case on point conclusively showing that the Government Defendants' actions in connection to S.B. 8 count as "enforcement,"—and plaintiffs have not produced one because there is none—plaintiffs cannot credibly contend that defendants' arguments are frivolous.

To the contrary, this Court has said that State officials with such tangential connections to enforcement are not appropriate *Ex parte Young* defendants. According to *City of Austin*, the mere existence of enforcement power—without demonstrated willingness to exercise it—is not enough to invoke *Ex parte Young*. *See* 943 F.3d at 1001. In *City of Austin*, it was undisputed "that the Attorney General has the authority to enforce [the challenged law]." *Id.* at 998. Yet the court concluded that "the mere fact that the Attorney General has the authority to enforce [the challenged law] cannot be said to 'constrain' the City from enforcing the Ordinance," which meant the City had not shown a "sufficient connection" to enforcement. *Id.* at 1001. So even if the state agency defendants could take disciplinary action against physicians or other regulated entities, that would not be enough to invoke *Ex parte Young*. Defendants' argument is not frivolous.

## II. The Court should stay proceedings against Defendant Dickson.

The Court should stay the proceedings as to Defendant Dickson as well because a failure to do so would prejudice the Government Defendants and interfere with this Court's jurisdictional determinations.

### A. Defendant Dickson—like the Government Defendants—also raised jurisdictional challenges to Plaintiffs' claims.

Although Mr. Dickson, as a private individual, did not assert an immunity defense as to himself, he did make arguments that the Government Defendants were entitled to sovereign immunity. App.133–36. Further, in addition to Government Defendants' sovereign immunity defenses, all defendants asserted significant subject-matter jurisdiction objections, which will be part of this appeal as well. *See* App.103–74, 283–373; *Hospitality House*, 298 F.3d at 429 ("[W]here, as in the instant case, we have interlocutory appellate jurisdiction to review a district court's denial of Eleventh Amendment immunity, we may first determine whether there is federal subject matter jurisdiction over the underlying case."); *Weingarten*, 661 F.3d at 908 ("[A]ppeals transfer jurisdiction from the district court to the appellate court concerning 'those aspects of the case involved in the appeal'" (quoting *Griggs*, 459 U.S. 56). As this Court has frequently recognized, "Article III standing analysis and *Ex parte Young* analysis significantly overlap." *City of Austin*, 943 F.3d at 1002.

### B. The Government Defendants will suffer irreparable harm if the case is allowed to proceed in their absence.

In addition, allowing the case to proceed against Mr. Dickson in the district court would not only result in piecemeal, inefficient litigation, but would also prejudice the Government Defendants. Plaintiffs sued Mr. Dickson to prevent him from bringing private enforcement actions under S.B. 8 and asserted constitutional claims against him on the basis that he was delegated

government authority to enforce what plaintiffs claim is an unconstitutional law. App.017. Permitting the district court to proceed with adjudicating the claims against Mr. Dickson means that the merits of plaintiffs' constitutional claims against S.B. 8 will be litigated in district court without the Government Defendants. That will prejudice the Government Defendants because the Court may make factual findings that negatively impact the Government Defendants' defense of the same law in their absence, which they will have no opportunity to respond to. If the Government Defendants' sovereign immunity were found not to bar Plaintiffs' claims—although it does—the Government Defendants would be entitled to defend themselves. Holding a preliminary injunction hearing while their sovereign immunity appeal is pending would make that difficult, if not impossible.

## III. Defendants will suffer irreparable harm if the district court proceedings are not stayed.

Immunity, whether qualified or absolute, "is effectively lost" if a case is erroneously permitted to proceed at the district-court level while an interlocutory appeal of a denial of immunity is pending. *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985). A State suffers an "institutional injury" from such an "inversion of … federalism principles … ." *Texas v. United States Envt'l Protection Agency*, 829 F.3d 405, 434 (5th Cir. 2016). It inflicts a constitutional injury to compel state defendants to participate in litigation when they have invoked their constitutional immunity from suit. *See Freeman v. U.S.*, 556 F.3d

326, 342 (5th Cir. 2009) ("[I]mmunity is intended to shield the defendant from the burdens of defending the suit.").

Defendants also note that plaintiffs have asked for injunctive relief against a putative class of every non-federal judge and clerk in Texas, essentially asking the district court to commandeer the entire Texas judiciary. As defendants repeatedly implored the district court, and as this Court has made clear before, judges and clerks acting in their adjudicatory capacity are not proper defendants in a § 1983 suit challenging the constitutionality of a state law. *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003); *Chancery Clerk of Chickasaw Cty. v. Wallace*, 646 F.2d 151, 160 (5th Cir. 1981).

And most acutely, in light of the impending preliminary-injunction hearing on August 30, Judge Jackson and Ms. Clarkston's continued involvement as defendants in the case raises an ethical dilemma. Canon 3(B)(10) of the Texas Code of Judicial Ethics states:

> A judge shall abstain from public comment about a pending or impending proceeding which may come before the judge's court in a manner which suggests to a reasonable person the judge's probable decision on any particular case."[4]

Although this section exempts judges who are serving as litigants in their personal capacity,[5] it may apply to judges who are litigants in their official capacity. The Code also requires judges to ensure that court staff, including

---

4. Available at https://www.txcourts.gov/media/1452409/texas-code-of-judicial-conduct.pdf.

5. *See id.* ("This section does not apply to proceedings in which the judge or judicial candidate is a litigant in a personal capacity.").

clerks, abide by this requirement as well. *See id.* ("A judge shall require similar abstention on the part of court personnel subject to the judge's direction and control.")

Judge Jackson and Ms. Clarkston have been placed in an untenable position. Although no S.B. 8 private enforcement actions are presently pending or impending, they must be cognizant of their ethical obligations. If they refuse to defend the merits of the law because S.B. 8 litigation may be brought in their court (as Judge Jackson has thus far done), they risk liability for costs and attorneys' fees. But if they defend the claims against them on the merits, they must step out of the role of neutral arbiter of law. Permitting the district court to persist in forcing Judge Jackson and Ms. Clarkston into this situation will not only harm them as individual officers of the court. It also has the potential to harm the reputation of the Texas judiciary as independent and impartial. The preliminary-injunction hearing on Monday must be vacated.

## Conclusion

The Court should enforce the stay of the district court proceedings pending this appeal because the district court lacks jurisdiction. Alternatively, the Court should enter a temporary administrative stay of the district court proceedings, including the upcoming preliminary-injunction hearing, while it considers this motion. Defendants-Appellants request a ruling as soon as possible.

Respectfully submitted.

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Judd E. Stone II
Solicitor General

/s/ Natalie D. Thompson
Natalie D. Thompson
Beth Klusmann
Assistant Solicitors General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1700 (phone)
(512) 474-2697 (fax)

*Counsel for Hon. Austin Reeve Jackson, Stephen Brint Carlton, Katherine A. Thomas, Cecile Erwin Young, Allison Vordenbaumen Benz, and Ken Paxton*

/s/ Heather Gebelin Hacker
Heather Gebelin Hacker
Andrew B. Stephens
Hacker Stephens LLP
108 Wild Basin Road South,
Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Petitioner Penny Clarkston*

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Petitioner Mark Lee Dickson*

## Certificate of Conference

On August 26, 2021, Heather Hacker, counsel for Petitioner Penny Clarkston, conferred by e-mail with Marc Hearron, counsel for plaintiffs, who stated that plaintiffs will oppose the relief requested in this motion.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

## Certificate of Compliance with Rule 27.3

I certify the following in compliance with Fifth Circuit Rule 27.3:

- Before filing this motion, counsel for Defendant-Appellants contacted the clerk's office and opposing counsel to advise them of their intent to file this motion.
- The facts stated herein supporting emergency consideration of this motion are true and complete.
- The Court's review of this motion is requested as soon as possible, or alternatively, Defendant-Appellants request a temporary administrative stay pending that review at the earliest possible date.
- True and correct copies of relevant orders and other documents are attached in the Appendix to this motion, filed separately.
- This motion is being served at the same time it is being filed.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

## Certificate of Service

On August 26, 2021, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3291 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used for the word count).

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER