No. 21-50792

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

WHOLE WOMAN'S HEALTH, on behalf of itself, its staff, physicians, nurses, and patients; ALAMO CITY SURGERY CENTER, P.L.L.C., on behalf of itself, its staff, physicians, nurses, and patients, d/b/a ALAMO WOMEN'S REPRODUCTIVE SERVICES; BROOKSIDE WOMEN'S MEDICAL CENTER, P.A., on behalf of itself, its staff, physicians, nurses, and patients, d/b/a BROOKSIDE WOMEN'S HEALTH CENTER AND AUSTIN WOMEN'S HEALTH CENTER; HOUSTON WOMEN'S CLINIC, on behalf of itself, its staff, physicians, nurses, and patients; HOUSTON WOMEN'S REPRODUCTIVE SERVICES, on behalf of itself, its staff, physicians, nurses, and patients; PLANNED PARENTHOOD CENTER FOR CHOICE, on behalf of itself, its staff, physicians, nurses, and patients; PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, on behalf of itself, its staff, physicians, nurses, and patients; PLANNED PARENTHOOD SOUTH TEXAS SURGICAL CENTER, on behalf of itself, its staff, physicians, nurses, and patients; SOUTHWESTERN WOMEN'S SURGERY CENTER, on behalf of itself, its staff, physicians, nurses, and patients; WHOLE WOMEN'S HEALTH ALLIANCE, on behalf of itself, its staff, physicians, nurses, and patients; ALLISON GILBERT, M.D., on behalf of herself and her patients; BHAVIK KUMAR, M.D., on behalf of himself and his patients; THE AFIYA CENTER, on behalf of itself and its staff; FRONTERA FUND, on behalf of itself and its staff; FUND TEXAS CHOICE, on behalf of itself and its staff; JANE'S DUE PROCESS, on behalf of itself and its staff; LILITH FUND, INCORPORATED, on behalf of itself and its staff; NORTH TEXAS EQUAL ACCESS FUND, on behalf of itself and its staff; REVEREND ERIKA FORBES; REVEREND DANIEL KANTER; MARVA SADLER,

*Plaintiffs - Appellees*,

v.

JUDGE AUSTIN REEVE JACKSON, in his official capacity as Judge of the 114th District Court, and on behalf of a class of all Texas judges similarly situated; PENNY CLARKSTON, in her official capacity as Clerk for the District Court of Smith County, and on behalf of a class of all Texas court clerks similarly situated; MARK LEE DICKSON; STEPHEN BRINT CARLTON, in his official capacity as Executive Director of the Texas Medical Board; KATHERINE A. THOMAS, in her official capacity as Executive Director of the Texas Board of Nursing; CECILE ERWIN YOUNG, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission; ALLISON VORDENBAUMEN BENZ, in her official capacity as Executive

Director of the Texas Board of Pharmacy; KEN PAXTON, in his official capacity as Attorney General of Texas,

*Defendants - Appellants.*

*On Appeal from the United States District Court for the Western District of Texas, Austin Division*
No. 1:21-cv-00616-RP

## PLAINTIFFS-APPELLEES' OPPOSED EMERGENCY MOTION TO EXPEDITE APPEAL

Marc Hearron
CENTER FOR REPRODUCTIVE RIGHTS
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038

Jamie A. Levitt
J. Alexander Lawrence
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, NY 10019

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, M.D., Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Julie Murray
Richard Muniz
PLANNED PARENTHOOD
FEDERATION OF AMERICA
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye
Brigitte Amiri
Chelsea Tejada
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Lorie Chaiten
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
1640 North Sedgwick Street
Chicago, IL 60614

*Attorneys for Houston Women's Clinic*

1

Additional counsel:

Rupali Sharma
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street, No. 1056
Brooklyn, NY 11201

*Attorneys for The Afiya Center,
Frontera Fund, Fund Texas Choice,
Jane's Due Process, Lilith Fund for
Reproductive Equity, North Texas Equal
Access Fund*

Adriana Pinon
David Donatti
Andre Segura
ACLU FOUNDATION OF TEXAS, INC.
5225 Katy Freeway, Suite 350
Houston, TX 77007

*Attorneys for Houston Women's
Clinic*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Plaintiffs-Respondents | Counsel |
|---|---|
| Whole Woman's Health | Center for Reproductive Rights |
| Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services | • Marc Hearron |
| Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center | • Molly Duane<br>• Kirby Tyrrell<br>• Melanie Fontes<br>• Nicolas Kabat |
| Houston Women's Clinic | Morrison & Foerster LLP |
| Houston Women's Reproductive Services | • Jamie A. Levitt<br>• J. Alexander Lawrence |
| Planned Parenthood Center for Choice | Planned Parenthood Federation of America |
| Planned Parenthood of Greater Texas Surgical Health Services | • Julie Murray |
| Planned Parenthood South Texas Surgical Center | • Richard Muniz |
| Southwestern Women's Surgery Center | Johns & Hebert PLLC<br>• Christen Mason Hebert |
| Whole Woman's Health Alliance | American Civil Liberties Union Foundation |
| The Afiya Center | • Julia Kaye |
| Frontera Fund | • Brigitte Amiri |
| Fund Texas Choice | • Chelsea Tejada |
| Jane's Due Process | |

| | |
|---|---|
| Lilith Fund | • Lorie Chaiten |
| North Texas Equal Access Fund | ACLU Foundation of Texas, Inc. |
| Allison Gilbert, M.D. | • Adriana Pinon |
| Bhavik Kumar, M.D. | • David Donatti |
| Rev. Erika Forbes | • Andre Segura |
| Rev. Daniel Kanter | Lawyering Project |
| Marva Sadler | • Rupali Sharma |
| | • Stephanie Toti |
| **Defendants-Petitioners** | **Counsel** |
| Penny Clarkston, Clerk for the District Court of Smith County | Hacker Stephens LLP |
| Mark Lee Dickson | • Andrew B. Stephens |
| | • Heather Gebelin Hacker |
| | Mitchell Law PLLC |
| | • Jonathan F. Mitchell |
| **Additional Defendants** | **Counsel** |
| Austin Reeve Jackson, Judge of the 114th District Court | Office of the Texas Attorney General |
| Stephen Brint Carlton, Executive Director of the Texas Medical Board | • Judd E. Stone |
| Katherine A. Thomas, Executive Director of the Texas Nursing Board | • Beth Klusman |
| Cecile Erwin Young, Executive Commissioner of the Texas Health and Human Services Commission | • Natalie D. Thompson |
| | • Benjamin S. Walton |
| | • Christopher D. Hilson |
| | • Halie Daniels |
| Allison Vordenbaumen Benz, Executive Director of the Texas Board of Pharmacy | The McGuire Firm, PC |
| | • M. Shane McGuire |
| Ken Paxton, Attorney General of Texas | |

_/s/ Marc Hearron_
Marc Hearron

## INTRODUCTION AND NATURE OF EMERGENCY

Early this morning, Defendants-Appellants filed an emergency motion asking this Court to stay the district-court proceedings pending resolution of their interlocutory appeal. If granted, this stay would allow the State of Texas to *ban nearly all abortions* starting on Wednesday, September 1, before the district court ever has an opportunity to rule on Plaintiffs-Appellees' fully briefed preliminary-injunction motion. As Plaintiffs will explain in their forthcoming opposition to Defendants' Motion for a Stay of Proceedings Pending Appeal, Defendants cannot carry their burden to justify a stay.

However, if this Court disagrees and grants the stay as to any of the Defendants, it is imperative that the Court review the merits of that appeal on an emergency expedited schedule. In that scenario, resolution of the appeal is necessary before September 1, 2021, to avoid profound and irreparable harm to Plaintiffs and to thousands of pregnant Texans who will lose access to abortion throughout the state immediately. As one of the Defendants in this case has conceded, even temporary interruptions to abortion access can force the closure of abortion providers, many of which may never be able to reopen. App. 153.

Briefing for such an appeal cannot be delayed. Plaintiffs-Appellees, therefore, respectfully request that the Court order by 5:00 pm today an emergency appellate

briefing schedule to conclude by this Sunday, August 29, 2021, to ensure that this Court has sufficient time to act on this interlocutory appeal.

## BACKGROUND

The Supreme Court has reiterated for nearly fifty years that "[b]efore viability, the State's interests are not strong enough to support a prohibition of abortion." *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 846 (1992). In direct defiance of this prohibition, Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("S.B. 8" or the "Act"), bans abortion in Texas at the point when embryonic cardiac activity can be detected, which is approximately six weeks of pregnancy—before many patients know they are pregnant, and roughly four months before viability. *See* S.B. 8 § 3 (adding Tex. Health & Safety Code § 171.204);[1] App. 93–96, 110–11, 122, 130–31; *see also Casey*, 505 U.S. at 870; *Jackson Women's Health Org. v. Dobbs*, 951 F.3d 246, 248 (5th Cir. 2020) (per curiam) (striking similar ban because "cardiac activity can be detected well before the fetus is viable" and that alone "dooms the law").[2]

In an attempt to insulate its patently unconstitutional law from judicial review, the Texas Legislature barred the traditional governmental defendants—such as the

---

[1] Hereinafter, citations to S.B. 8 § 3 are to the newly added provisions of the Texas Health & Safety Code.

[2] S.B. 8 contains no exception for pregnancies from rape or incest, nor for a fetal health condition incompatible with sustained life after birth. There is only a narrow exception for a "medical emergency." S.B. 8 § 171.205(a).

attorney general, local prosecutors, and the health department—from directly enforcing S.B. 8's terms. S.B. 8 § 171.207(a). Instead, the Act deputizes private citizens to initiate enforcement proceedings in state court, allowing "any person" *other* than government officials to bring a civil lawsuit against anyone who provides an abortion in violation of the Act, "aids or abets" such an abortion, or intends to do these things. *Id.* § 171.208(a). These civil suits are permitted regardless of whether the person suing alleges any injury, or any connection to the abortion at all.

To incentivize enforcement actions by abortion opponents and windfall-seeking strangers alike, S.B. 8 requires state courts to impose mandatory penalties for any "violation" of the ban, including an injunction to prevent further prohibited abortions from being performed or "aided and abetted", as well as a monetary penalty, payable to the S.B. 8 claimant by the person sued, of at least $10,000 per abortion. *Id.* § 171.208(b). And it is undisputed that the incentives created by this bounty scheme will succeed. Indeed, Defendants have submitted sworn testimony that there are countless people ready and eager to sue Plaintiffs on September 1 unless they comply with this unconstitutional ban.  App. 82–83, 86.

S.B. 8 also changes the normal courthouse rules applicable to other civil litigants in Texas to make it impossible for those sued to fairly defend themselves, and to make these enforcement proceedings as burdensome and costly as possible, even for those who prevail. For instance, S.B. 8 allows "any person"—including

those with no connection to the patient—to file lawsuits in their home counties and then veto transfer to a more appropriate venue. As a result, abortion providers and alleged aiders and abettors could be forced to defend themselves in multiple, simultaneous enforcement proceedings in courts across the state.[3] S.B. 8 also provides that anyone who brings an S.B. 8 enforcement claim and prevails is entitled to recover costs and attorney's fees, while abortion providers and others sued under S.B. 8 cannot be awarded costs or fees if they prevail. S.B. 8 § 171.208(b)(3), (i).

S.B. 8 can also be indirectly enforced by state agencies. The Act prohibits executive-branch officials from filing the S.B. 8-created enforcement actions seeking penalties of injunctive relief, at least $10,000 per abortion, and costs and attorney's fees. *Id.* §§ 171.207(a), 171.208(a)–(b). But S.B. 8 does not set aside the authority of state agencies to compel compliance with the ban indirectly, by enforcing already-existing statutes that govern the licenses of abortion facilities, abortion providers, and their staff. Those collateral statutes can be enforced "in response to violations" of S.B. 8. *Id.* § 171.207(a); *see* App. 35–36, 43–47.

---

[3] *See* S.B. 8 § 171.210(a)(4) (permitting suit in the claimant's county of residence if "the claimant is a natural person residing in" Texas); *id.* § 171.210(b) (providing that S.B. 8 "action may not be transferred to a different venue without the written consent of all parties"), *with* Tex. Civ. Prac. & Rem. Code § 15.002(a) (generally limiting venue to where the events giving rise to a claim took place or where the defendant resides); *id.* § 15.002(b) (generally permitting Texas state courts to transfer venue "[f]or the convenience of the parties and witnesses and in the interest of justice").

On July 13, 2021, Plaintiffs—who include abortion clinics, doctors, health-center staff, clergy, and funds and practical support networks that assist abortion patients in accessing care—filed this case challenging the Act's constitutionality. D. Ct. ECF No. 1. Plaintiffs scrupulously followed this Court's instructions in naming the defendants in this pre-enforcement challenge, including the requirement that defendant government officials be "connected with [the] act's 'enforcement,'" which "typically involves compulsion or constraint." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)); *see also Morris v. Livingston*, 739 F.3d 740, 745–46 (5th Cir. 2014); *Okpalobi v. Foster*, 244 F.3d 405, 422, 426–29 (5th Cir. 2001) (en banc) (plurality opinion). Accordingly, Plaintiffs sued the government officials responsible for compelling compliance with S.B. 8: (1) the clerks who exert their official power to open S.B. 8 enforcement actions in the docket and issue citations compelling those sued to respond under threat of default judgment, *see* Tex. R. Civ. P. 99; App. 66–67; (2) the judges who force those sued under S.B. 8 to comply with the statute through mandated injunctions and other penalties, *see* S.B. 8 § 171.208(a)–(b); App. 66–67; and (3) the executive-branch officials who indirectly compel compliance through the threat of license revocation and other discipline under collateral statutes that are triggered by violations of S.B. 8, *see* App. 35–36, 43–47. In addition, Plaintiffs sued a private party, Mark Lee Dickson, who Plaintiffs reasonably expect to file suit against any

violators based on his history of threats and other actions against Plaintiffs. App. 75–76.

Eight Defendants filed four motions to dismiss on jurisdictional grounds that were all denied on August 25, 2021, App. 29, and this is their appeal from that interlocutory order. Six of those defendants are state officials who have asserted baseless claims to sovereign immunity and argued that Plaintiffs lack standing to bring their claims. App. 42–72. One defendant, a county clerk, argued that Plaintiffs lack standing and also "adopt[ed] the [sovereign immunity] arguments of her co-Defendants without further elaboration." App. 61 n.19. An eighth defendant, who is a private citizen, argued that the Plaintiffs lack standing to bring their claims against him because the evidence before the district court fails to establish that he has credibly threatened to injure Plaintiffs. App. 74–75.

Still pending before the district court is Plaintiffs' fully briefed motion for a temporary restraining order and preliminary injunction ("TRO/PI Motion") barring Defendants from enforcing S.B. 8 prior to the entry of final judgment. D. Ct. ECF No. 53.[4] Although the district court order setting a video hearing on Plaintiffs' TRO/PI Motion did not indicate that the Court would hear testimony, Defendants

---

[4] Also pending before the district court is Plaintiffs' motion for certification of the two defendant classes, which will be fully briefed today upon the filing of Plaintiffs' reply. D. Ct. ECF Nos. 32, 80, 81. In addition, Plaintiffs moved on July 13 for summary judgment (D. Ct. ECF No. 19); however, the district court has not yet set a briefing schedule for that motion (D. Ct. ECF No. 60).

subsequently served subpoenas on 17 individuals who are plaintiffs in the litigation or who work for Plaintiffs, prompting the district court to schedule an evidentiary hearing for August 30, 2021, prior to S.B. 8's effective date. D. Ct. ECF No. 77.

Defendants' Motion to Stay Proceedings Pending Appeal, filed early this morning, seeks to stay those proceedings and deny the district court the opportunity to rule on Plaintiffs' fully briefed TRO/PI motion until after resolution of the appeal.

## ARGUMENT

Plaintiffs-Appellees filed a letter with the Court this morning respectfully requesting that this Court refrain from resolving the stay motion or entering an administrative stay before they can file an opposition, which will be forthcoming later today. Stay pending appeal is an "extraordinary remedy," *Belcher v. Birmingham Tr. Nat'l Bank*, 395 F.2d 685, 685 (5th Cir. 1968), that should be granted only "in exceptional cases," *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963), and Plaintiffs will explain in detail why Defendants have not met that standard here.

However, in the event that this Court grants a stay of proceedings pending appeal as to any of the Defendants, there is unquestionably "good cause" for the Court to schedule the appeal for briefing on an emergency basis and resolve the appeal on the papers before Wednesday, September 1. *See* 5th Cir. R. 27.5; *see also* 5th Cir. R. 35. A decision on this timeframe is necessary to prevent the grave and

irreparable harm that will immediately ensue if S.B. 8 is permitted to take effect as scheduled. *See Doe v. Off. of Refugee Resettlement*, 884 F.3d 269, 271 (5th Cir. 2018) (per curiam); *see also, e.g.*, *J.D. v. Azar*, 925 F.3d 1291, 1337–38 (D.C. Cir. 2019) (per curiam).

Should this Court stay all district-court proceedings pending Defendants-Appellants' interlocutory appeal, the district court will not be able to rule on the pending preliminary injunction motion and S.B. 8's ban on performing or "aiding and abetting" abortions beginning at six weeks of pregnancy *will take effect in five days*. Even if the Court grants the stay only as to a subset of Defendants, Plaintiffs will lose the opportunity to obtain preliminary relief sufficient to redress their and their patients' injuries and prevent the Act's severe harms. Federal courts, including this Court, have "universally invalidated" bans on abortion prior to viability in recognition of their patent unconstitutionality. *Planned Parenthood S. Atl. v. Wilson*, No. CV 3:21-00508-MGL, 2021 WL 1060123, at *5 (D.S.C. Mar. 19, 2021), *appeal filed*, No. 21-1369 (4th Cir. April 4, 2021). Indeed, this Court has already held that a ban on abortion at six weeks of pregnancy is constitutionally "doom[ed]." *Jackson Women's Health Org.*, 951 F.3d at 248.

Banning abortion before many people even know they are pregnant will inflict profound irreparable harm on Plaintiffs, their staff, and patients across Texas. The deprivations of constitutional rights that S.B. 8 threatens alone establish irreparable

8

harm. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) (threatened violation of First Amendment rights); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981) (threatened violation of abortion rights); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane et al., Federal Practice & Procedure § 2948.1 (3d ed. 2013) ("When an alleged deprivation of a constitutional right is involved, . . . most courts hold that no further showing of irreparable injury is necessary.").

S.B. 8 will also cause severe physical, psychological, and emotional harm. If allowed to take effect, S.B. 8 will prohibit nearly all abortions in the state of Texas. Its plain language prohibits abortion care at the earliest moments a pregnancy can be detected, often before a patient has any reason to suspect that they may be pregnant. App. 93–96, 131. Although patients generally obtain an abortion as soon as they are able, approximately 85%–90% of patients who obtain abortions in Texas are unable to do so until at least six weeks after their last menstrual period. *See* App. 93, 111, 123, 140. Therefore, under S.B. 8, abortions will be unavailable in Texas starting on September 1 to the overwhelming majority of patients.

Without the ability to obtain abortion care within Texas, patients who can scrape together the resources to do so will be forced to travel out of state for their care. Many of these patients will be significantly delayed in ending their pregnancies, bearing the pains and risks of pregnancy for longer and the increased

medical risks and financial costs of abortion at later gestational ages. App. 115, 132. Some patients who are unable to travel out of state will seek ways to end their pregnancies without access to accurate medical information. App. 115, 132–33. And—most devastatingly—S.B. 8 will force many Texans to carry pregnancies to term and undergo childbirth against their will. App. 115, 117, 133.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiffs will establish in greater detail in their forthcoming stay opposition why Defendants have failed to meet their burden for the "extraordinary remedy" of a stay pending appeal. *Belcher v. Birmingham Tr. Nat. Bank*, 395 F.2d 685, 685 (5th Cir. 1968). But in the event this Court determines that a stay pending appeal is appropriate as to any of the Defendants, it is imperative the Court treat this challenge to S.B. 8 as a matter requiring urgent action, as every other federal court has done. Plaintiffs thus implore the Court to set the appeals for briefing on an emergency basis and resolve them on the papers by September 1, 2021. Specifically, Plaintiffs respectfully request the following deadlines:

- Defendants' Opening Brief:     Saturday, August 28 at noon CT

- Plaintiffs' Response:     Sunday, August 29, at 5:00 pm CT

Dated:  August 27, 2021

Respectfully submitted,

*/s/ Marc Hearron*

Marc Hearron
CENTER FOR REPRODUCTIVE RIGHTS
1634 Eye St., NW, Suite 600
Washington, DC  20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631

Jamie A. Levitt
J. Alexander Lawrence
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health,
Whole Woman's Health Alliance, Marva
Sadler, Southwestern Women's Surgery
Center, Allison Gilbert, M.D., Brookside
Women's Medical Center PA d/b/a
Brookside Women's Health Center and
Austin Women's Health Center, Alamo
City Surgery Center PLLC d/b/a Alamo
Women's Reproductive Services,
Houston Women's Reproductive
Services, Reverend Daniel Kanter, and
Reverend Erika Forbes*

Rupali Sharma
LAWYERING PROJECT
197 Pine Street, Apt. 23

Julie Murray
Richard Muniz
PLANNED PARENTHOOD
FEDERATION OF AMERICA
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Attorneys for Planned Parenthood
of Greater Texas Surgical Health
Services, Planned Parenthood
South Texas Surgical Center,
Planned Parenthood Center for
Choice, and Dr. Bhavik Kumar*

Julia Kaye
Brigitte Amiri
Chelsea Tejada
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor New
York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon
David Donatti

Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street, No. 1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

*Attorneys for The Afiya Center,
Frontera Fund, Fund Texas Choice,
Jane's Due Process, Lilith Fund for
Reproductive Equity, North Texas Equal
Access Fund*

Andre Segura
ACLU FOUNDATION OF TEXAS, INC.
5225 Katy Freeway, Suite 350
Houston, TX 77007
(713) 942-8146
apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Attorneys for Houston Women's
Clinic*

## CERTIFICATE OF CONFERENCE

On August 27, 2021, Marc Hearron, counsel for Plaintiffs, contacted counsel for all Defendants by e-mail about this motion. Jonathan Mitchell, counsel for Mark Lee Dickson, and Benjamin Walton, counsel for Judge Jackson and the State Agency Defendants, stated that Defendants oppose the relief requested in this motion. Counsel for Penny Clarkston have not stated their position.

*/s/ Marc Hearron*
Marc Hearron

## CERTIFICATE OF COMPLIANCE WITH RULE 27.3

I certify the following in compliance with Fifth Circuit Rule 27.3:

- Before filing this motion, counsel for Defendant-Appellants contacted the clerk's office and opposing counsel to advise them of their intent to file this motion.

- The facts stated herein supporting emergency consideration of this motion are true and complete.

- The Court's review of this motion is requested by 5pm today.

- True and correct copies of relevant orders and other documents are attached in the Appendix to this motion, filed separately.

- This motion is being served at the same time it is being filed.

*/s/ Marc Hearron*
Marc Hearron

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Service will be accomplished by the CM/ECF system and by email to counsel for Defendants-Appellees.

*/s/ Marc Hearron*
Marc Hearron

## CERTIFICATE OF COMPLIANCE

This emergency motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 21(d) because it contains 2,502 words, excluding the parts exempted by Rule 32(f); and (2) the typeface and type style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the program used for the word count).

*/s/ Marc Hearron*
Marc Hearron