No. 21-50792

# In the United States Court of Appeals for the Fifth Circuit

---

WHOLE WOMAN'S HEALTH, on behalf of itself, its staff, physicians, nurses, and patients; ALAMO CITY SURGERY CENTER, P.L.L.C., on behalf of itself, its staff, physicians, nurses, and patients, doing business as Alamo Women's Reproductive Services; BROOKSIDE WOMEN'S MEDICAL CENTER, P.A., on behalf of itself, its staff, physicians, nurses, and patients, doing business as Brookside Women's Health Center and Austin Women's Health Center; HOUSTON WOMEN'S CLINIC, on behalf of itself, its staff, physicians, nurses, and patients; HOUSTON WOMEN'S REPRODUCTIVE SERVICES, on behalf of itself, its staff, physicians, nurses, and patients; PLANNED PARENTHOOD CENTER FOR CHOICE, on behalf of itself, its staff, physicians, nurses, and patients; PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, on behalf of itself, its staff, physicians, nurses, and patients; PLANNED PARENTHOOD SOUTH TEXAS SURGICAL CENTER, on behalf of itself, its staff, physicians, nurses, and patients; SOUTHWESTERN WOMEN'S SURGERY CENTER, on behalf of itself, its staff, physicians, nurses, and patients; WHOLE WOMEN'S HEALTH ALLIANCE, on behalf of itself, its staff, physicians, nurses, and patients; MEDICAL DOCTOR ALLISON GILBERT, on behalf of herself and her patients; MEDICAL DOCTOR BHAVIK KUMAR, on behalf of himself and his patients; THE AFIYA CENTER, on behalf of itself and its staff; FRONTERA FUND, on behalf of itself and its staff; FUND TEXAS CHOICE, on behalf of itself and its staff; JANE'S DUE PROCESS, on behalf of itself and its staff; LILITH FUND, INCORPORATED, on behalf of itself and its staff; NORTH TEXAS EQUAL ACCESS FUND, on behalf of itself and its staff; REVEREND ERIKA FORBES; REVEREND DANIEL KANTER; MARVA SADLER,

*Plaintiffs-Appellees,*

*v.*

JUDGE AUSTIN REEVE JACKSON; PENNY CLARKSTON; MARK LEE DICKSON; STEPHEN BRINT CARLTON; KATHERINE A. THOMAS; CECILE ERWIN YOUNG; ALLISON VORDENBAUMEN BENZ; KEN PAXTON,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Case No. 1:21-cv-00616-RP

## DEFENDANTS-APPELLANTS' MOTION TO CERTIFY TO THE SUPREME COURT OF TEXAS OR, ALTERNTIVELY, TO SET A BRIEFING SCHEDULE

HEATHER GEBELIN HACKER
heather@hackerstephens.com
ANDREW B. STEPHENS

Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022

Counsel for Defendant-Appellant
Clarkston

JONATHAN F. MITCHELL
jonathan@mitchell.law

Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
Tel: (512) 686-3940

Counsel for Defendant-Appellant
Dickson

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General
Judd.Stone@oag.texas.gov

NATALIE D. THOMPSON
BETH KLUSMANN
Assistant Solicitors General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for Defendants-Appellants
Jackson, Carlton, Thomas, Young,
Tucker, and Paxton

Plaintiffs' Article III standing turns on a controlling question of Texas law: Whether, notwithstanding statutory provisions making private lawsuits the only enforcement mechanism for SB 8 and prohibiting government officials from bringing such lawsuits, Texas licensing officials retain indirect enforcement authority to bring disciplinary proceedings for violations of SB 8. *See* Tex. Health & Safety Code § 171.207. This Court should certify that question to the Supreme Court of Texas before remanding this case to the district court, as the district court has no ability to certify questions to the state supreme court and no prerogative to authoritatively resolve this outcome-determinative question of state law. *See* Tex. R. App. P. 58.1. Alternatively, the Court should set a briefing schedule to resolve the remaining issues in this appeal.

## BACKGROUND

Plaintiffs filed this lawsuit to enjoin the defendants from enforcing the Texas Heartbeat Act, also known as Senate Bill 8 ("SB 8"), which took effect on September 1, 2021. *See* Act of May 13, 2021, 87th Leg., R.S., ch. 62, 2021 Tex. Sess. Law Serv. 135. The plaintiffs challenged both section 3 of the Act, which outlaws abortion after fetal heartbeat is detectable and authorizes private civil lawsuits against individuals who perform or facilitate post-heartbeat abortions, ROA.77-82 and section 4, which requires litigants who unsuccessfully challenge state-law abortion restrictions to pay the prevailing party's costs and attorneys' fees, ROA.82-84; *see* Tex. Civ. Prac. & Rem. Code § 30.022(a). The defendants moved to dismiss

1

all of these claims for lack of subject-matter jurisdiction,[1] insisting that the plaintiffs lacked Article III standing and that the claims against the state officials were barred by sovereign immunity.

The district court denied the defendants' motions to dismiss for lack of subject-matter jurisdiction across the board, ruling that all claims could proceed against each of the named defendants. ROA.1485-1535. The defendants filed an interlocutory appeal to this Court. ROA.1536-39; *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (orders denying sovereign immunity are immediately appealable under 28 U.S.C. § 1291 and the collateral-order doctrine); *see also Whole Woman's Health v. Jackson*, 13 F.4th 434 (5th Cir. 2021) (allowing Mr. Dickson to pursue his Article III standing objections in the interlocutory appeal). But before this Court could rule on the defendants' jurisdictional objections, the Supreme Court granted certiorari before judgment and set the case for oral argument on November 1, 2021. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 415 (2021) (Mem.). The question presented was limited to the plaintiffs' challenges to the private-enforcement mechanism of section 3. *See* Pet. for Cert. Before J. at i, *Whole Woman's Health v. Jackson*, No. 21-463 (U.S. Sept. 23, 2021) ("The question presented is whether a State can insulate from federal-court review a law that prohibits the exercise of a constitutional right by delegating to the general public the

---

[1] ROA.599-618 (state agency defendants); ROA.623-632 (Judge Jackson); ROA.636-661 (Mr. Dickson); ROA.670-692 (Ms. Clarkston).

authority to enforce that prohibition through civil actions."), available at https://bit.ly/3sggV6b.

On December 10, 2021, the Supreme Court affirmed in part and reversed in part. *Whole Woman's Health v. Jackson*, No. 21-463, 2021 WL 5855551 (U.S. Dec. 10, 2021). Addressing the plaintiffs' challenges to enforcement of section 3, the Court reversed and ordered dismissal of the claims against Defendants-Appellants Judge Austin Reeve Jackson, Smith County District Clerk Penny Clarkston, Attorney General Ken Paxton, and Mark Lee Dickson. *Id.* at *5-8, *10. But the Court declined to dismiss the claims brought against the executive licensing officials.[2] With respect to those executive officers, the Court held:

> On the briefing and argument before us, it appears that these particular defendants fall within the scope of *Ex parte Young*'s historic exception to state sovereign immunity. Each of these individuals is an executive licensing official who may or must take enforcement actions against the petitioners if they violate the terms of Texas's Health and Safety Code, including S. B. 8. *See, e.g.*, [Tex. Occ. Code § 164.055(a)]. Accordingly, we hold that sovereign immunity does not bar the petitioners' suit against these named defendants at the motion to dismiss stage.

*Id.* at *8 (plurality op.). The Court acknowledged that its holding turned on a question of Texas law. *See id.* at *9. And it acknowledged that "Texas courts and not

---

[2] The executive licensing officials include Defendants-Appellants Carlton, Thomas, and Tucker (the Executive Directors of the Texas Medical Board, Texas Board of Nursing, and Texas Board of Pharmacy, respectively), and Defendant-Appellant Young (the Commissioner of the Texas Health and Human Services Commission). Timothy L. Tucker has replaced Allison Vordenbaumen Benz as Executive Director of the Texas Board of Pharmacy; Mr. Tucker is automatically substituted for Ms. Benz pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[the Supreme Court] are the final arbiters of the meaning of state statutory directions." *Id.*; *see also id.* at *14 & n.3 (Thomas, J., concurring in part and dissenting in part).

The Supreme Court did not resolve whether the plaintiffs have Article III standing to sue the executive licensing officials, even though that question is squarely presented in the appeal before this Court. *See* Appellants' Br. of Judge Jackson and Texas Executive Officials at 20-28. Nor did it address SB 8's fee-shifting provision (section 4), as defendants' jurisdictional challenges to those claims were excluded from the question presented. *See* Pet. for Cert. Before J., No. 21-463 at i;.

## ARGUMENT

The Supreme Court of Texas "may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent." Tex. R. App. P. 58.1. The Court should certify the question whether Texas law allows the Texas Medical Board, the Texas Board of Nursing, the Texas Board of Pharmacy, or the Texas Health and Human Commission to take disciplinary or adverse action of any sort against individuals or entities that violate the Texas Heartbeat Act, given the restrictions on public enforcement in sections 171.207 and 171.208(a) of the Texas Health and Safety Code. Certification, rather than remanding for the district court to make an *Erie* guess without guidance or direction from the state judiciary, is appropriate. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997) ("[N]ormally this Court ought not to consider the Constitutionality of a state statute

in the absence of a controlling interpretation of its meaning and effect by the state courts." (citation and internal quotation marks omitted)).

## I.  The Executive Officials' Indirect Enforcement Authority Has Never Been Addressed by the Supreme Court of Texas

Plaintiffs concede that the executive officials cannot "directly" enforce SB 8. *See* ROA.742. Yet they contend that the executive officials could somehow bring "indirect enforcement actions—*i.e.*, actions brought under other sections of the Texas code 'in response to violations' of SB 8's requirements—such as those under the Medical Practice Act, Nursing Practice Act, and Pharmacy Act." ROA.751. The Supreme Court agreed that, on the pleadings, the plaintiffs had sufficiently alleged the possibility of such indirect enforcement actions to invoke *Ex parte Young*'s exception to sovereign immunity.

But the Supreme Court of Texas has never had the opportunity to address the executive officials' enforcement authority under SB 8. SB 8 was enacted earlier this year and took effect approximately three months ago, on September 1, 2021. No case involving SB 8 has reached the Supreme Court of Texas. There is therefore no controlling authority from that Court to guide the district court's resolution. Allowing that Court to make a definitive ruling now would provide that needed authority. *See Arizonans for Official English*, 520 U.S. at 75.

## II.  The Issue of Indirect Enforcement Is Controlling

It is the executive officials' view that Texas law precludes them from enforcing SB 8, whether directly or indirectly, and courts must defer to the interpretations of state law adopted by state officials. *See Bellotti v. Baird*, 428 U.S. 132, 143 (1976)

("The interpretation placed on the statute by appellants in this Court is of some importance and merits attention, for they are the officials charged with enforcement of the statute."); *Frisby v. Schultz*, 487 U.S. 474, 483 (1988) (construing a town ordinance "more narrowly" in part because "[t]his narrow reading is supported by the representations of counsel for the town at oral argument"). As this Court has observed, the plaintiffs' construction of section 171.207 "ignores the statute's plain language." *Whole Woman's Health v. Jackson*, 13 F.4th 434, 442 (5th Cir. 2021). SB 8 creates a private cause of action that can be brought against those who perform, or aid and abet the performance of, abortions after a fetal heartbeat has been detected. Tex. Health & Safety Code § 171.208(a). Using SB 8's cause of action, a lawsuit can be brought by "[a]ny person, *other than an officer or employee of a state or local governmental entity in this state.*" *Id.* (emphasis added).

SB 8 declares that this private cause of action is the *only* method of enforcing SB 8. Before SB 8, Chapter 171 of the Texas Health and Safety Code, which regulates abortions, provided that the regulatory agency "shall enforce this chapter." *Id.* § 171.005 (version applicable before Sept. 1, 2021). After SB 8, however, the provision reads: "[HHSC] shall enforce this chapter except for Subchapter H, which shall be enforced exclusively through the private civil enforcement actions described by Section 171.208 and may not be enforced by [HHSC]." *Id.* § 171.005 (Sept. 1, 2021).

And SB 8 reiterates that private causes of action are the *exclusive* method of enforcing its provisions: "Notwithstanding Section 171.005 or any other law, the requirements of this subchapter shall be enforced *exclusively* through the private civil

actions described in Section 171.208." Tex. Health & Safety Code § 171.207(a) (emphasis added). It expressly prohibits *any* form of public enforcement:

> No enforcement of this subchapter, and no enforcement of Chapters 19 and 22, Penal Code, in response to violations of this subchapter, may be taken or threatened by this state, a political subdivision, a district or county attorney, or an executive or administrative officer or employee of this state or a political subdivision against any person, except as provided in Section 171.208.

*Id.* In light of this text, the Office of the Texas Attorney General interprets Texas law to foreclose government enforcement of SB 8 section 3, whether direct or indirect. *See* Respondents' Suppl. App'x at 50-53, *Whole Woman's Health v. Jackson*, No. 21A24 (U.S. Aug. 31, 2021).

To be sure, SB 8 also contains a savings clause: section 171.207(a)'s prohibition on government enforcement "[s]hall not be construed to . . . limit the enforceability of any other laws that regulate or prohibit abortion." Tex. Health & Safety Code § 171.207(b)(3). The Supreme Court concluded that "as best we can tell from the briefing before us, the licensing-official defendants *are* charged with enforcing 'other laws that regulate . . . abortion,'" so "it appears Texas law imposes on the licensing-official defendants a duty . . . expressly preserved by S. B. 8's saving clause." 2021 WL 5855551, at *9 (plurality op.). The Court also observed that section 171.207(a)'s reference to certain criminal provisions "suggests" that the Texas Legislature did *not* intend to prohibit other collateral enforcement mechanisms, such as the ones cited by the plaintiffs. *Id.* at *9 n.4.

This issue will be dispositive if resolved in the executive officials' favor. If the Supreme Court of Texas agrees that the executive licensing officials lack the indirect enforcement authority that the Supreme Court of the United States found adequately alleged on the pleadings, then plaintiffs' claims would have to be dismissed for lack of Article III standing.

Certification would also serve judicial economy by allowing the federal courts to avoid addressing whether the plaintiffs have plausibly alleged that the "threatened injury" posed by the alleged indirect enforcement actions is "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). And certification would not unduly delay resolution of this appeal, as "the Texas Supreme Court is known for its 'speedy, organized docket.'" *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472 (5th Cir. 2021).

\* \* \*

Defendants-Appellants therefore request that the Court certify the following question of Texas law to the Supreme Court of Texas:

> Whether Texas law allows the Texas Medical Board, the Texas Board of Nursing, the Texas Board of Pharmacy, or the Texas Health and Human Commission to take disciplinary or adverse action of any sort against individuals or entities that violate the Texas Heartbeat Act, given the restrictions on public enforcement in sections 171.207 and 171.208(a) of the Texas Health and Safety Code.

## III. Alternatively, the Court Should Set a Briefing Schedule to Address the Remaining Issues

Should the Court decline to certify the standing question, it should set a briefing schedule to resolve the remaining issues in this appeal, including the defendants'

jurisdictional objections to the claims involving SB 8's fee-shifting provision. *See* SB 8 § 4 (codified at Tex. Civ. Prac. & Rem. Code § 30.022(a)); Appellants' Br. of Judge Jackson and Texas Executive Officials at 18-20; Appellant's Br. of Mark Lee Dickson at 27–33. The district court rejected Defendants-Appellants' motion to dismiss across the board, not only with respect the claims based on SB 8's ban on post-heartbeat abortions (section 3), but also with respect to the claims based on SB 8's fee-shifting provision (section 4). ROA.1503. The defendants' jurisdictional objections to the section 4 claims were excluded from the grant of certiorari, and they remain unresolved by any appellate court. They must be addressed and ruled upon before the appeal concludes and the case is returned to the district court.

## Conclusion

The Court should certify the controlling question of Texas law addressed above to the Supreme Court of Texas or, alternatively, set a briefing schedule.

Respectfully submitted.

Heather Gebelin Hacker
heather@hackerstephens.com
Andrew B. Stephens

Hacker Stephens LLP
108 Wild Basin Road South,
Suite 250
Austin, Texas 78746
Tel.: (512) 399-3022

Counsel for Defendant-Appellant
Clarkston

Jonathan F. Mitchell
jonathan@mitchell.law

Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
Tel. (512) 686-3940

Counsel for Defendant-Appellant
Dickson

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

/s/ Judd E. Stone II
Judd E. Stone II
Solicitor General

Natalie D. Thompson
Beth Klusmann
Assistant Solicitors General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for Defendants-Appellants
Jackson, Carlton, Thomas, Young,
Tucker, and Paxton

## CERTIFICATE OF SERVICE

On December 16, 2021, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Judd E. Stone II
JUDD E. STONE II

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2297 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Judd E. Stone II
JUDD E. STONE II

## CERTIFICATE OF CONFERENCE

On December 16, 2021, Beth Klusmann, counsel for the Texas Appellants, emailed Marc Hearron, counsel for Appellees, who indicated Appellees oppose the motion and will file a response.

/s/ Judd E. Stone II
JUDD E. STONE II