# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 26, 2022
Lyle W. Cayce
Clerk

No. 21-50792

Whole Woman's Health, on behalf of itself, its staff, physicians, nurses, and patients; Alamo City Surgery Center, P.L.L.C., on behalf of itself, its staff, physicians, nurses, and patients, doing business as Alamo Women's Reproductive Services; Brookside Women's Medical Center, P.A., on behalf of itself, its staff, physicians, nurses, and patients, doing business as Brookside Women's Health Center and Austin Women's Health Center; Houston Women's Clinic, on behalf of itself, its staff, physicians, nurses, and patients; Houston Women's Reproductive Services, on behalf of itself, its staff, physicians, nurses, and patients; Planned Parenthood Center for Choice, on behalf of itself, its staff, physicians, nurses, and patients; Planned Parenthood of Greater Texas Surgical Health Services, on behalf of itself, its staff, physicians, nurses, and patients; Planned Parenthood South Texas Surgical Center, on behalf of itself, its staff, physicians, nurses, and patients; Southwestern Women's Surgery Center, on behalf of itself, its staff, physicians, nurses, and patients; Whole Women's Health Alliance, on behalf of itself, its staff, physicians, nurses, and patients; Medical Doctor Allison Gilbert, on behalf of herself and her patients; Medical Doctor Bhavik Kumar, on behalf of himself and his patients; The Afiya Center, on behalf of itself and its staff; Frontera Fund, on behalf of itself and its staff; Fund Texas Choice, on behalf of itself and its staff; Jane's Due Process, on behalf of itself and its staff; Lilith Fund, Incorporated, on

behalf of itself and its staff; North Texas Equal Access Fund, on behalf of itself and its staff; Reverend Erika Forbes; Reverend Daniel Kanter; Marva Sadler,

*Plaintiffs—Appellees,*

*versus*

Judge Austin Reeve Jackson; Penny Clarkston; Mark Lee Dickson; Stephen Brint Carlton; Katherine A. Thomas; Cecile Erwin Young; Allison Vordenbaumen Benz; Ken Paxton,

*Defendants—Appellants.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-616

---

Before Jones, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:

  Having received the ruling of the Texas Supreme Court that named official defendants may not enforce the provisions of the Texas Heartbeat Act, S.B. 8, this court REMANDS the case with instructions to dismiss all challenges to the private enforcement provisions of the statute and to consider whether plaintiffs have standing to challenge Tex. Civ. Prac. & Rem. Code Ann. Sec. 30.022.

No. 21-50792

Stephen A. Higginson, *Circuit Judge*, concurring in the judgment in part and dissenting in part:

I agree with the majority's decision to remand this case to the district court. However, because the Supreme Court specifically held that "this case may proceed past the motion to dismiss stage against Mr. Carlton, Ms. Thomas, Ms. Benz, and Ms. Young," *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 539 (2021), I do not believe that we have the authority to order the case dismissed. Accordingly, I would simply remand the case for proceedings not inconsistent with the opinions of the United States Supreme Court and the Texas Supreme Court.